## A. P. SMITH *et al.* Admrs.

*v.*

## FRANKLIN DENNISON, Receiver, etc.

*Ottawa, March Term,* 1880.

SUPERSEDEAS BOND *by an administrator—as to character of liability to be assumed.* After the hearing of a cause in chancery, but before the entry of any decree, the defendant died. By stipulation of counsel a decree was entered *nunc pro tunc,* as of the date of the hearing, so as to appear to have been rendered against the defendant in his lifetime. In suing out a writ of error to reverse the decree, the administrator of the defendant executed a supersedeas bond conditioned that in case of affirmance the decree should be paid "in due course of administration." This was held sufficient. The administrator was not bound to assume an absolute personal liability for the payment of the decree against his intestate.

WRIT OF ERROR to the Appellate Court for the First District.

This was a suit in chancery, commenced in the Superior Court of Cook county, by Dennison, as receiver, against Wallace. The cause was heard in that court on the 21st of December, 1878. After the hearing, and before the entry of any formal decree in the case, Wallace died. Subsequently, on the 4th of January, 1879, upon stipulation of counsel, a decree was entered against Wallace *nunc pro tunc,* as of the date of the hearing. The decree was a money decree, and there was an award of execution.

Upon appeal to the Appellate Court by the administrators of Wallace, the decree was affirmed, and thereupon the administrators sued out this writ of error. The writ of error was made a supersedeas, and the order allowing the supersedeas directed the giving of a bond, to be " executed by Albert Paul Smith and Frank R. Wallace, as principals, and by Edward A. Small, as security, payable to said Dennison, receiver, etc." Smith and Wallace, the principals in the proposed supersedeas bond, were the administrators who sued

out this writ of error.    They gave a bond conditioned that if the decree of the Appellate Court should be affirmed, payment should be made by the administrators " in due course of administration."

The defendant in error, Dennison, now enters his motion for a rule on plaintiffs in error to file herein a new supersedeas bond, with satisfactory sureties, to secure the payment to defendant in error of the decree by him recovered, absolutely, and not " in due course of administration," as by the bond hereinbefore filed.

Mr. J. L. HIGH, for the motion.

Messrs. SMALL & MOORE, *contra.*

Per CURIAM : The writ of error was sued out by the plaintiffs in error in their capacity as administrators.    We see nothing in the circumstances of this case that should take it out of the rule that an administrator may, in all proper cases, for the protection of the estate, take an appeal or sue out a writ of error, and to that end may execute an appeal bond or a supersedeas bond in his capacity as administrator, without incurring any personal liability in respect to such bond.    The fact that this decree was entered in the Superior Court after the death of Wallace, but as of a date prior thereto, can make no difference.    The administrators stood in the same relation to the decree that they would if it had been entered against them.    In that case they would have been directed to make payment in " due course of administration."    They ought not to be required to incur any larger liability in their efforts to protect the estate by seeking the reversal of a decree which appears to have been rendered against their intestate in his lifetime.    The condition of the bond, that in the event the decree should be affirmed the plaintiffs in error would make payment thereof " in due course of administration," is all that can be required.

*Motion denied.*